No. 26-1365

UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FOOD AND WATER WATCH, et al.
*Plaintiffs-Appellees*,

v.

UNITED STATES ENVIRONMENTAL PROTECTION AGENCY, et al.,
*Defendants-Appellants*.

Appeal from the United States District Court for the Northern District of California
No. 3:17-cv-02162 (Hon. Edward M. Chen)

**MOTION TO HOLD APPEAL OF FEES ORDER
IN ABEYANCE PENDING THIS COURT'S RESOLUTION OF
SUBMITTED MERITS APPEAL**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT P. STOCKMAN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3275
Robert.Stockman@usdoj.gov

**INTRODUCTION**

The Environmental Protection Agency (EPA) respectfully requests that the Court temporarily hold this appeal of the district court's award of fees and expenses in abeyance pending the resolution of EPA's appeal from the merits judgment in the same case. *See Food & Water Watch, et al. v. EPA, et al.*, (9th Cir. 25-384). The merits appeal was argued before the Ninth Circuit Court of Appeals on March 3, 2026, before S.R. THOMAS, and GOULD, Circuit Judges, and MORRIS (Montana), Chief District Judge, and the appeal is submitted. The parties currently await a decision from this Court.

The outcome of that merits appeal may make this appeal completely unnecessary, and it will almost certainly influence whether this appeal should proceed on the current record and will inform the potential arguments on appeal. Thus, EPA requests an abeyance of briefing and judicial consideration of *this* appeal until the Court renders its decision on the merits to conserve judicial resources and the resources of the litigants.

Plaintiffs oppose this abeyance. But the Court cannot decide this appeal until the merits appeal is resolved. If the Court were to affirm in the merits appeal and no further review is sought and obtained, EPA can file a status report in this docket within seven days, and the Court can set a reasonable briefing schedule. If that were to happen, a decision on this appeal would be delayed, at the most, by the

1

time it takes for the parties to prepare and file briefs. And if the merits panel finds for EPA on any ground, no delay will be caused by this abeyance at all.

## BACKGROUND

Plaintiffs petitioned EPA to ban the addition of fluoride in drinking water under Section 21 of the Toxic Substances Control Act (TSCA). EPA denied the petition, and Plaintiffs filed suit under Section 21's judicial review provision. Following two trials on the merits, the district court entered judgment for Plaintiffs, and EPA timely appealed that judgment. EPA presented several arguments for reversal, including that: (a) Plaintiffs failed to establish standing; (b) the district court violated TSCA Section 21 by ruling on an evidentiary record overwhelmingly different than the one in the petition presented to and reviewed by EPA; and (c) the district court abused its discretion after the first trial by taking over the case in violation of party-presentation principles. The parties fully briefed that appeal, and this Court held oral argument on March 3, 2026.

The notice of appeal from the judgment on the merits did not deprive the district court of jurisdiction to consider Plaintiffs' request for an award of attorneys' fees and expenses. Plaintiffs moved for an award of fees and litigation expenses totaling over $10 million. EPA opposed. EPA explained that payment of any award must be contingent on the outcome of the pending merits appeal, which Plaintiffs did not oppose. And even if the merits judgment were affirmed, EPA

argued the court should award Plaintiffs no more than about $1.4 million because, among other things, no award of fees or expenses incurred in connection with the first trial is appropriate, the rates and hours Plaintiffs' counsel charged are inflated, and no award of litigation expenses is appropriate.

On January 5, 2026, the district court entered an order for Plaintiffs for a total award of $5,760,450, "payable subject to the pending appeal." Order at 11, E.D. Cal. No. 3:17cv2162, Jan. 5, 2026, ECF No. 503. EPA promptly submitted a letter drawing the court's attention to a clerical error in its calculations. The court entered an order correcting its prior order, and the court ordered "a total award of $5,233,306.67, subject to the pending appeal. Payment thereof is stayed pending the appeal." Order Correcting Fee Order, E.D. Cal. No. 3:17cv2162, Jan. 14, 2026, ECF No. 506. EPA filed a timely notice of appeal from those orders on March 5, 2026. Notice of Appeal, E.D. Cal. No. 3:17cv2162, March 5, 2026, ECF No. 507.

EPA's appeal was a protective notice of appeal. Under Department of Justice regulations, the decision whether to pursue an affirmative appeal on behalf of the United States or any federal agency belongs to the Solicitor General. *See* 28 C.F.R. § 0.20(b). EPA filed a protective notice of appeal in this case because the time for appeal would have expired before a decision by the Solicitor General. *See United States v. Hill*, 19 F.3d 984, 991 n.6 (5th Cir. 1994); *cf. United States v.*

3

*Mendoza*, 464 U.S. 154, 161 (1984) (discussing the Solicitor General's role in appeal process).

While a final decision about appeal has not been made, EPA has preserved several objections to the award, including objections to the number of hours billed, the rates for the fees, and the multiplier that the district court applied to Plaintiffs' lead counsel's lodestar.

## ARGUMENT

Courts have "broad discretion to stay proceedings." *Clinton v. Jones*, 520 U.S. 681, 706 (1997). This authority is "incidental to the power inherent in every court to control the disposition of the causes on its docket." *Landis v. North American Co.*, 299 U.S. 248, 254 (1936). The Court may grant an abeyance when it would serve "economy of time and effort for itself, for counsel, and for litigants." *Id.*

An abeyance may be particularly warranted when a pending, related case or appeal may obviate the need for further proceedings or may affect a central issue in the latter appeal. *See, e.g.*, *Nat'l Lab. Rels. Bd. v. Sw. Reg'l Council of Carpenters*, 826 F.3d 460, 461 (D.C. Cir. 2016). Courts have discretion to place proceedings regarding attorneys' fees and expenses in abeyance pending a decision on the merits, even if the party seeking the fees and expenses opposes the abeyance. *Dexcom, Inc. v. AgaMatrix, Inc.*, No. 2018-2353, 2019 WL 13595902, at *1 (Fed.

Cir. Jan. 17, 2019) (granting motion "to stay this appeal concerning attorney fees pending the court's resolution of the underlying merits appeal"); *see also Ernst Haas Studio, Inc. v. Palm Press, Inc.*, 164 F.3d 110, 113 (2d Cir. 1999) (explaining that district court had discretion to hold a motion for fees "in abeyance pending our decision on the merits of plaintiff's appeal").

This Court should place this appeal, including briefing, in abeyance pending the resolution of the merits appeal. Here, the district court entered the award under TSCA § 21's fee-shifting provision that provides a court "may award costs of suit and reasonable fees for attorneys and expert witnesses if the court determines that such an award is appropriate." 15 U.S.C. § 2620(b)(4)(C). If the government succeeds in its merits appeal on any ground, an award may not be appropriate, *see, e.g.*, *Ruckelshaus v. Sierra Club*, 463 U.S. 680 (1983), and at a minimum, a remand of this appeal may be necessary to determine both (a) whether an award is appropriate and (b) if so, whether the amount awarded must be modified. And even in the hypothetical scenario where this Court completely affirms the merits judgment, this Court's analysis of some of the issues raised in the merits appeal could inform elements affecting the amount awarded (such as, whether the district court reasonably awarded Plaintiffs fees for the entire first trial, subject only to a five percent haircut to the loadstar). Order at 2-4, E.D. Cal. No. 3:17cv2162, Jan. 5, 2026, ECF No. 503. Thus, the outcome of the merits appeal could render this

appeal unnecessary or could require a remand to district court for further proceedings and at a minimum, will inform the arguments to be made in this appeal.

An abeyance will conserve judicial and party resources. EPA has "proceed[ed] with all due diligence to prosecute" the merits appeal, *Landis*, 299 U.S. at 251, and "the briefs have been prepared; the case has been argued on the merits; and a decision may be expected within a reasonable time," *id.* at 258. Postponing briefing and judicial consideration of this appeal will thus serve "economy of time and effort for [the Court], for counsel, and for litigants." *Id.*

In considering an abeyance, the interests in judicial economy and conserving litigants' resources must be weighed against any potential prejudice to the parties. Payment of the award is already "stayed pending the [merits] appeal." Order Correcting Fee Order, E.D. Cal. No. 3:17cv2162, Jan. 14, 2026, ECF No. 506. Thus, Plaintiffs cannot recover the award until the merits appeal is resolved. And because the fees award is contingent on the merits judgment being upheld, this Court cannot decide this appeal until the merits appeal is resolved anyway. Thus, the marginal delay attributable to an abeyance in this appeal would be, at most, the period it takes the parties to brief this appeal after the Court decides the merits appeal, assuming the merits judgment is upheld in full. That marginal delay may

6

be a few months.[1] The Court should balance that potential delay with the serious risk that briefing in this appeal will be either completely unnecessary or likely have to be redone if the merits appeal results in anything other than a full affirmance. The best course is to allow the merits appeal to conclude before the parties brief this fees appeal.

## CONCLUSION

For these reasons, EPA respectfully requests that the Court place this appeal in abeyance pending the resolution of EPA's appeal from the merits judgment in the same case. *See Food & Water Watch, et al. v. EPA, et al.*, (9th Cir. 25-384). The Court could order EPA to notify the Court within seven days after the resolution of that appeal, and the Court could then set a reasonable briefing schedule for this appeal.

---

[1] Even in that event, the parties might determine they could negotiate a settlement of the fees and expenses, which might ultimately resolve this appeal more quickly than if the parties brief it now and the Court sets the appeal for argument immediately after the merits appeal is finally resolved. While the parties may still settle until the Court renders a decision, positions can harden and compromise may become less likely after briefing or oral argument.

Respectfully submitted,

/s/ *Robert P. Stockman*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*

ROBERT P. STOCKMAN
*Attorney*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3275
Robert.Stockman@usdoj.gov

May 20, 2026
90-5-1-4-21106

8

## CERTIFICATE OF COMPLIANCE

The foregoing motion complies with the length limits permitted by Ninth

Circuit Rules 27-1(1)(d) and 32-3(2), which together establish a word-limit of

5,600 words.  This motion is 1,668 words, and the type size and typeface comply

with Federal Rule of Appellate Procedure 32(a)(5) and (6).

/s/ Robert P. Stockman
ROBERT P. STOCKMAN
*Attorney*
Environment and Natural Resources
Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 532-3275
Robert.Stockman@usdoj.gov

*Counsel for EPA*